Rudolph Livingston Executive Director Colorado Department of Personnel 1313 Sherman Street Denver, Colorado 80203
Dear Rudy:
This office has recently received an oral request from you and a written request from Dr. Raymond Leidig (dated December 5, 1977) requesting that we become involved in the above-mentioned dispute. Because of the conflict of interest which was presented by the request from both parties, we have consulted with John Lay of the Governor's Office, which would be the office required to designate special counsel in the event that counsel were to be authorized in the proceeding, pursuant to House Bill No. 1674 (1977 Session). During that meeting, John Lay suggested that, if possible, the matter should be resolved by the issuance of an Attorney General's opinion, and it is my understanding that you have agreed that an Attorney General's opinion would resolve the matter to your satisfaction. Accordingly, I have researched the matter and have come to the conclusion that the rate of compensation due to Ms. O'Hara should be determined in the upcoming administrative proceedings, but that her eligibility is clear as a matter of law, and the Department of Personnel should admit her to the examination for the permanent position of Director of the Division for Developmental Disabilities.
QUESTION PRESENTED AND CONCLUSION
Under the current rules, can experience gained in an "acting" position be considered in determining eligibility for a permanent position within the personnel system?
My conclusion is "yes."
ANALYSIS
The crux of the issue presented in the two appeals is the fact that Ms. O'Hara does not possess the credentials required for appointment under the job specifications unless her experience as Acting Director of the Division for Developmental Disabilities is taken into account. You, in turn, have taken the position that that experience should not be counted since it was achieved pursuant to a conditional appointment which was not approved by the Department of Personnel, and since she did not possess the requisite credentials at the time of the conditional appointment.
At the outset, it should be noted that Rule 5-5-4 of the Rules and Regulations of the Colorado State Personnel System, concerning conditional status, provides that any certified employee may be conditionally and temporarily promoted to a permanent position for a period of up to six months. On the other hand, Rule 5-2-1(G) requires that the Director approve conditional appointments and allows him to waive any noncompliance with the employment standards set for the class. Thus, there is some question as to whether the Department of Personnel's prior approval was required in order to grant conditional status and the compensation which would be due in that status. However, that question is entirely appropriate for resolution in a hearing before a hearing officer appointed by the State Board of Personnel.
The question concerning the eligibility of Ms. O'Hara for examination and appointment to the permanent position of Director of the Division for Developmental Disabilities is much clearer. You have indicated to me that you would accept acting experience from any public or private personnel system, without inquiry as to whether the acting experience was gained in a regular or irregular conditional appointment, and without consideration to the existence or nonexistence of prior qualifications for the acting position. You have further indicated that the reason for your concern about the use of acting experience is your concern that appointing authorities may use acting status as a basis for appointment of favored employees to permanent positions to which such employees could not otherwise be appointed. These concerns are legitimate, and it may well be that additional rule making would be appropriate to avoid such possible abuses. However, it is clear that the current Rules and Regulations of the Colorado State Personnel System do not contemplate this problem. Accordingly, it is my opinion that to give effect to your concerns in this case would work an injustice and possible violate equal protection and due process guarantees of both the federal and Colorado Constitutions. In the event that a sufficient basis can be established for a clearly enunciated rule concerning nonrecognition of irregular acting status within the Colorado State Personnel System and other public and private personnel systems, which could be applied on an equal basis to all applicants, there would be no legal objection to its enforcement. However, since the current regulatory structure does not encompass such a rule, the objection which you have posed risks being disallowed as arbitrary and capricious.
Accordingly, it would be my recommendation that Ms. O'Hara be permitted to pursue her appeal concerning compensation during the period of her conditional status as Acting Director of the Division for Developmental Disabilities, without counsel being provided for either side, but that she be admitted to the examination and, if deemed eligible for appointment, referred for permanent appointment as director of the Division for Developmental Disabilities. I trust that this opinion will resolve the remaining problems which you have in this difficult matter.
SUMMARY
Under the current Personnel Rules, experience gained in an "acting" position may be considered in determining eligibility for a permanent position within the Personnel System.
Very truly yours,
 J.D. MacFARLANE Attorney General
EMPLOYEES, PUBLIC
C.R.S. 1973, 24-50-101
PERSONNEL, DEPT. OF Classification, Div. of INSTITUTIONS, DEPT. OF
Under then current Personnel Rules, experience gained in an "acting" position may be considered in determining eligibility for a permanent position within the Personnel System.